## Hurst v. Carl R. Bieber Inc.

*Andrew Herman,* for plaintiffs.
*Robert E. Simpson Jr.,* for defendant.

FRANCIOSA, *J.,* October 20, 1988 — Presently before the court is a motion for summary judgment brought by defendant in this action, Carl R. Bieber Inc. Defendant contends that summary judgment is proper in the instant case because, based on the record, there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). We agree with the standard enunciated, but disagree with defendant's construction of the law.

The salient facts are as follows:

Plaintiffs to this suit are husband and wife, Gregory S. and Joyce B. Hurst. On May 13, 1985, plaintiff husband, Gregory S. Hurst, was struck in

the eye by an intoxicated passenger on the Bieber bus en route from New York City to Wescosville, Pennsylvania. The battery took place at the Pennsylvania/New Jersey border and resulted in injury to plaintiff's eye. When the injury occurred, Bieber bus was insured by Transit Casualty Insurance Company. Seven months later, Transit Casualty was declared insolvent by this commonwealth. Thereafter, the claim against Bieber bus has been administered by Pennsylvania Insurance Guaranty Association (PIGA), pursuant to the provisions of Pennsylvania Insurance Guaranty Act, 40 P.S. §1701.0101 et seq.

At the time of the battery, plaintiff had insurance coverage which included uninsured motorist insurance. This provision stated, in pertinent part:

"We will pay all sums the insured is legally entitled to recover as damages from the owner . . . of an uninsured motor vehicle. . . . The damages must result from bodily injury sustained by the insured caused by an accident."

Defendant's motion for summary judgment rests upon section 1701.503(a) of the Pennsylvania Insurance Guaranty Act which provides in pertinent part:

"Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer which is also a covered claim, *shall first be required to exhaust his right under such policy.* Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under such insurance policy." (emphasis supplied)

Plaintiffs made a claim for payment under their uninsured motorist coverage policy in 1985, and were denied. Subsequently plaintiffs requested ar-

bitration under the arbitration provisions of the uninsured motorist coverage. No hearing, however, has been held.

Defendant argues that because plaintiff had uninsured motorist insurance at the time of the incident, plaintiffs are required by section 1701.503(a) of the act to exhaust any possible coverage under their uninsured motorist policy, including arbitration, before being able to sue Bieber bus directly.

The issue before this court, then, is whether plaintiffs are first required to pursue arbitration of their denied claim under the uninsured motorist insurance policy before this court can entertain proper jurisdiction.

We are in full agreement with the legal principle set forth by defendant in respect to the contention that all disputes arising *within the scope* of an insurance contract containing an agreement to arbitrate including the issue of coverage must be resolved by arbitration. *Hitchcock v. Nationwide Mutual Insurance Company*, 28 D. & C.3d 516 (1982). (emphasis supplied) The area of our disagreement lies in the application of such law to the instant facts.

It is clear to this court that plaintiffs' uninsured motorist coverage did not include injury caused by a battery from a fellow bus passenger. There must be some causal connection, more than "merely incidental," between the injuries sustained and the use of the motor vehicle. See *Alvarino v. Allstate Insurance Co.*, 370 Pa. Super. 563, 537 A.2d 18 (1988). We find that the direct cause of the injury was merely incidental to the use of the bus.*

*Our holding in this case is limited to a finding that section 1701.503(a) is not applicable because plaintiff is not entitled to obtain damages for an intentional tort, not inflicted by use of

We therefore reject defendant's argument that this contractual interpretation should be left for arbitrators to decide. The law is clear; when a court can state with positive assurance that this type of dispute was not covered by the contract, the contract may be interpreted by the court. See *Lincoln Univ. of Commonwealth System of Higher Education v. Lincoln Univ. Chapter of American Ass'n of Univ. Professors,* 467 Pa. 112, 354 A.2d 576 (1976).

Furthermore, requiring plaintiff to submit to arbitration when his insurance coverage is patently inapplicable to the instant situation would result in inefficient, wasteful use of dispute resolution processes. Accordingly, defendant is not entitled to summary judgment.

Wherefore, we enter the following

## ORDER OF COURT

And now, October 20, 1988, the motion for summary judgment of defendant, Carl R. Bieber Inc., is denied. There is genuine issue of fact based on the record before this court.

---

a motor vehicle, under his own uninsured motorist coverage. We do not reach the application of other sections. Under the act, PIGA stands in the shoes of the insolvent insurer. At this time, we make no determination concerning the extent of the coverage available under the policy of Insurance Transit Casualty issued to Bieber bus.